Bustamante-Romero v. Garland
BIA
Connelly, IJ
A206 653 426

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

DOLORES BUSTAMANTE-ROMERO,
> *Petitioner*,

v.                                                                          **20-1828**
                                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Jose Perez, Esq., Syracuse, NY.

**FOR RESPONDENT:**                   Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dolores Bustamante-Romero, a native and citizen of Mexico, seeks review of a May 13, 2020, decision of the BIA affirming a May 8, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dolores Bustamante-Romero*, No. A206 653 426 (B.I.A. May 13, 2020), *aff'g* No. A206 653 426 (Immig. Ct. Batavia May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We address only the denial of withholding of removal and CAT relief because Bustamante-Romero did not

exhaust a challenge to the IJ's denial of her asylum claim as time barred. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) (holding that "usually . . . issues not raised to the BIA will not be examined by the reviewing court"). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (factual findings reviewed for substantial evidence and legal questions reviewed *de novo*).

Withholding of Removal

To establish eligibility for withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). The agency did not err in finding that Bustamante-Romero failed to establish her eligibility for withholding of removal because (1) she did not establish her membership in her proposed social group of "Mexican women who cannot leave abusive relationships" given that she permanently left her abusive partner in 2002, lived unharmed in Mexico for almost

3

two years after that, and with one minor exception had not heard from him since 2003; and (2) she did not establish her membership in her proposed group of family members of "people who have refused gang affiliation and have been killed because of that refusal" based on her son's murder given her testimony that she did not know who killed her son or why. Certified Admin. R. at 3, 50; *see also* 8 U.S.C. §§ 1231(b)(3)(A), 1252(b)(4)(B); *see also Rocha v. Sessions*, 720 F. App'x 643, 645 (2d Cir. 2018) (summary order) (upholding agency's determination that petitioner was not eligible for asylum or withholding of removal because she "failed to establish membership in her proposed social group of women in relationships that they are unable to leave" given that she left the relationship). Because Bustamante-Romero failed to establish her membership in her proposed social groups, she failed to satisfy her burden for withholding of removal. *See* 8 U.S.C. §§ 1231(b)(3)(A), 1252(b)(4)(B).

### CAT Relief

Unlike withholding of removal, CAT protection does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). CAT applicants have the burden to show they would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1), (7);

4

*see also Khouzam v. Ashcroft*, 361 F.3d 161, 168, 170–71 (2d Cir. 2004).

Under the circumstances of this case, the findings underlying the agency's denial of withholding of removal support a conclusion that Bustamante-Romero failed to meet her burden of demonstrating that she would "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). Preliminarily, we note that Bustamante-Romero challenges the IJ's conclusion that the evidence did not support finding that Mexican officials acquiesce to torture by domestic abusers and gang members. We need not reach that argument because, even if we agreed, remand would be futile. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that agency remand is futile when "when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand, or, in short, whenever the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors"). Bustamante-Romero alleged a fear of torture by her former partner and the people who killed her son, but she left her former partner almost two years before she left Mexico and he did not physically harm her during that time, nor has he demonstrated any continuing interest in her. She also did not know who killed her son or why, and she had not received any threats. On this record, we find no basis for remand. *See Jian Xing Huang v. U.S.*

*INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court